Stewart O. Peay (9584)
Cameron J. Cutler (15116)
**SNELL & WILMER L.L.P**
15 West South Temple, Suite 1200
Salt Lake City, Utah 84101
Telephone: (801) 257-1900
Facsimile: (801) 257-1800
speay@swlaw.com
ccutler@swlaw.com

*Attorneys for Utah Cord Bank, Inc.*

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| IIC MANAGEMENT COMPANY, LTD, <br><br> Plaintiff, <br><br> v. <br><br> UTAH CORD BANK, INC., <br><br> Defendant. | **ANSWER** <br><br> Civil No. 2:19-cv-00848 <br><br> Judge Dee Benson |

Defendant Utah Cord Bank, Inc. ("**UCB**" and "**Defendant**"), by and through counsel of record, hereby answers and responds to the Complaint for Damages and Injunctive Relief ("**Complaint**") filed by Plaintiff IIC Management Company, Ltd. ("**IIC**" and "**Plaintiff**") and alleges as follows:

1.     Defendant admits that it has had interactions with Plaintiff but denies the remaining allegations of paragraph 1.

2.     In response to paragraph 2 of the Complaint, Defendant admits that it is a Utah corporation, its registered agent for service of process is Dr. Elliott Spencer, and that Plaintiff has

4832-7877-2140

correctly stated Defendant's business address on file with the Utah Division of Corporations. Defendant denies the remaining allegations of paragraph 2 of the Complaint.

3.      Defendant denies the allegations of paragraph 3 of the Complaint.

4.      Defendant denies the allegations of paragraph 4 of the Complaint.

5.      Defendant incorporates by reference each and every response set forth in the preceding paragraphs as if fully set forth herein.

6.      Defendant is without information sufficient to form a belief about the truth of the allegations in paragraph 6 of the Complaint and therefore denies the same.

7.      Defendant admits that it researches, develops, and markets HCT/P products in accordance with FDA regulations.  Defendant is without information sufficient to form a belief about the truth of the remaining allegations in paragraph 7 of the Complaint and therefore denies the same.

8.      Defendant admits that IIC, or its agents, approached Defendant about purchasing Defendants' HCT/P products.  Defendant is without information sufficient to form a belief about the truth of the remaining allegations in paragraph 8 of the Complaint and therefore denies the same.

9.      Defendant admits that through years of research and investigation that it has developed and now markets several HCT/P products, two of which have the trade names, StemVive and Stemii ("**UCB Products**").  Defendant denies the remaining allegations in paragraph 9 of the Complaint.

10.      Defendant admits that IIC approached Defendant about purchasing UCB Products but denies the remaining allegations in paragraph 10 of the Complaint.

4832-7877-2140

11.     Defendant admits that it provided Plaintiff samples of the UCB Products but is without information sufficient to form a belief about the truth of the remaining allegations in paragraph 11 of the Complaint and therefore denies the same.

12.     Defendant is without information sufficient to form a belief about the truth of the allegations in paragraph 12 of the Complaint and therefore denies the same.

13.     In response to paragraph 13 of the Complaint, Defendant admits that it sent samples of UCB Products to Plaintiff in Arkansas.  Defendant denies the remaining allegations in paragraph 13 of the Complaint.

14.     In response to paragraph 14 of the Complaint, Defendant admits that its representatives had some communications with representatives of Plaintiff.  Defendant denies the remaining allegations in paragraph 14 of the Complaint.

15.     Defendant is without information sufficient to form a belief about the truth of the allegations in paragraph 15 of the Complaint and therefore denies the same.

16.     In response to paragraph 16 of the Complaint, Defendant admits that the parties engaged in certain contractual negotiations related to the UCB Products.  Defendant denies the remaining allegations in paragraph 16 of the Complaint.

17.     In response to paragraph 17 of the Complaint, Defendant states that the Agreement speaks for itself.  The Agreement includes vague and ambiguous terms and is an incomplete expression of the parties' intentions.  Defendant denies any allegations in paragraph 17 inconsistent with the Agreement.  Defendant denies the remaining allegations in paragraph 17 of the Complaint.

4832-7877-2140

18.     The Agreement speaks for itself.  Defendant admits that it sold 100 cc of UCB Products to Plaintiff for $25,000.  Defendant denies any allegations in paragraph 18 inconsistent with the Agreement and the remaining allegations in paragraph 18 of the Complaint.

19.     Defendant admits that it shipped UCB Products to Plaintiff but denies that remaining allegations in paragraph 19 of the Complaint.

20.     Defendant admits that Leigh Kimball visited Plaintiff's facility in May 2019 but denies the remaining allegations in paragraph 20 of the Complaint.

21.     Defendant states that Exhibit B speaks for itself and denies the remaining allegations in paragraph 21 of the Complaint.

22.     Defendant denies the allegations in paragraph 22 of the Complaint.

23.     Defendant denies the allegations in paragraph 23 of the Complaint.

24.     Defendant denies the allegations in paragraph 24 of the Complaint.

25.     Defendant denies the allegations in paragraph 25 of the Complaint.

26.     Defendant states that Exhibit C speaks for itself and denies the remaining allegations in paragraph 26 of the Complaint.

27.     Defendant states that Exhibit D speaks for itself and denies the remaining allegations in paragraph 27 of the Complaint.

28.     Defendant denies the allegations in paragraph 28 of the Complaint.

29.     In response to paragraph 29, Defendant admits that it sent Plaintiff all required and appropriate documentation.  Defendant denies the remaining allegations in paragraph 29 of the Complaint.

30.     Defendant denies the allegations in paragraph 30 of the Complaint.

31.     Defendant denies the allegations in paragraph 31 of the Complaint.

4832-7877-2140

### FIRST CLAIM FOR RELIEF

32.     Defendant incorporates by reference each and every response set forth in the preceding paragraphs as if fully set forth herein.

33.     In response to paragraph 33, the Agreement speaks for itself.  The Agreement includes vague and ambiguous terms and is an incomplete expression of the parties' intentions. Defendant denies the remaining allegations in paragraph 33 of the Complaint.

34.     Defendant denies the allegations in paragraph 34 of the Complaint.

35.     Defendant denies the allegations in paragraph 35 of the Complaint.

36.     Defendant denies the allegations in paragraph 36 of the Complaint.

37.     Defendant denies the allegations in paragraph 37 of the Complaint.

### SECOND CLAIM FOR RELIEF

38.     Defendant incorporates by reference each and every response set forth in the preceding paragraphs as if fully set forth herein.

39.     Defendant denies the allegations in paragraph 39 of the Complaint.

40.     Defendant denies the allegations in paragraph 40 of the Complaint.

41.     Defendant denies the allegations in paragraph 41 of the Complaint.

42.     Defendant denies the allegations in paragraph 42 of the Complaint.

43.     Defendant denies the allegations in paragraph 43 of the Complaint.

44.     Defendant denies the allegations in paragraph 44 of the Complaint.

### THIRD CLAIM FOR RELIEF

45.     Defendant incorporates by reference each and every response set forth in the preceding paragraphs as if fully set forth herein.

46.     Defendant denies the allegations in paragraph 46 of the Complaint.

4832-7877-2140

47.     Defendant denies the allegations in paragraph 47 of the Complaint.

48.     Defendant denies the allegations in paragraph 48 of the Complaint.

49.     Defendant denies the allegations in paragraph 49 of the Complaint.

## FOURTH CLAIM FOR RELIEF

50.     Defendant incorporates by reference each and every response set forth in the preceding paragraphs as if fully set forth herein.

51.     Defendant denies the allegations in paragraph 51 of the Complaint.

52.     Defendant denies the allegations in paragraph 52 of the Complaint.

53.     Defendant denies the allegations in paragraph 53 of the Complaint.

54.     Defendant denies the allegations in paragraph 54 of the Complaint.

55.     Defendant denies the allegations in paragraph 55 of the Complaint.

56.     Defendant denies the allegations in paragraph 56 of the Complaint.

57.     Defendant denies the allegations in paragraph 57 of the Complaint.

58.     Defendant denies the allegations in paragraph 58 of the Complaint.

59.     Defendant denies the allegations in paragraph 59 of the Complaint.

60.     Defendant denies the allegations in paragraph 60 of the Complaint.

61.     Paragraph 61 of the Complaint consists of a reservation of rights to which no response is required.  To the extent a response is required, Defendant denies the same.

Defendant denies that Plaintiff is entitled to any of the relief requested in the "WHEREFORE" clause following paragraph 61 of the Complaint.  Defendant denies every allegation in the Complaint not specifically admitted herein.

4832-7877-2140

## DEFENSES

Defendant hereby asserts the following defenses to the claims in the Complaint.

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff's alleged damages were caused or contributed to by Plaintiff's own fault.

### THIRD DEFENSE

Plaintiff's claims are barred, in whole or in part, because Defendant owed no duties to Plaintiff, Defendant breached no duties owed to Plaintiff, or because Defendant's duties to Plaintiff are strictly limited by the contractual arrangements of the parties with which Defendant has complied.

### FOURTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff has failed to mitigate its alleged damages.

### FIFTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of laches, waiver, payment, consent, acquiescence, ratification, release, mistake, in pari delicto, accord and satisfaction, unclean hands, performance, assumption of risk, or estoppel.

### SIXTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by Plaintiff's own prior breach(es) of contract, Plaintiff's failure to follow the conditions and requirements of the Agreement, and its failure to exhaust contractual and other legal requirements or remedies.

### SEVENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by contract, failure of contract, failure of consideration, failure of a condition, failure of notice, impracticability, frustration of purpose, or impossibility of performance.

## EIGHTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the parol evidence rule.

## NINTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of set-off and are subject to offset.

## TENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by Plaintiff's own breaches of duties owed to Defendant.

## ELEVENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, based on its acceptance, which

was not seasonably revoked, and by its failure to reject the goods supplied under the Agreement.

## TWELFTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to plead fraud with specificity.

## THIRTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the economic loss rule.

## FOURTEENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the existence of the Agreement.

## RESERVATION OF RIGHTS

Defendant reserves the right to amend its answer to assert additional defenses, and any counterclaims that may come to light as a result of discovery conducted in this action.

## PRAYER FOR RELIEF

4832-7877-2140

WHEREFORE, Defendant prays that Plaintiff take nothing by this Complaint, that all claims asserted against it be dismissed with prejudice and on the merits, that Defendant be awarded its costs and expenses herein, including its attorneys' fees incurred in defending against Plaintiff's Complaint, and for such other and further relief as may be just and proper under the circumstances.

DATED this 13th day of November, 2019.

> **SNELL & WILMER L.L.P.**
>
> /s/   Stewart O. Peay
> Stewart O. Peay
> Cameron J. Cutler
>
> *Attorneys for Utah Cord Bank, Inc.*

4832-7877-2140

## CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of November, 2019, I filed the foregoing **ANSWER**

**TO COMPLAINT** electronically through the CM/ECF system, and served on the following via

*U.S. Mail, postage prepaid* as follows:

Gregory M. Hopkins, Esq.
Ryan J. Caststeel, Esq.
HOPKINS HEADLEE CASTSTEEL PLLC
1000 W SECOND ST
LITTLE ROCK AR 72201

*/s/ Stewart O. Peay*

4832-7877-2140